NORMAN M. CLAPP, Secretary, Department of Transportation
Mr. Fritz E. Wolf, Administrator of the Division of Aeronautics, has requested my opinion as to whether the Department of Transportation can enter into contracts with the Federal Government for the receipt of federal aid to be used for airport system planning purposes. *Page 69 
Section 13, of the Airport and Airway Development Act of 1970, authorizes the Secretary of the United States Department of Transportation to make planning grants in an amount not to exceed $15,000,000 in any fiscal year to planning agencies for airport system planning and to public agencies for airport master planning.
Paragraph 204 of ch. 3, sec. 1, of the interim Planning Grant Program Handbook, adopted by the Federal Aviation Administration of the United States Department of Transportation, sets forth the following requirements for eligibility:
"(1) That the sponsor is a legal entity and qualifies as a `planning agency.'
"(2) That the sponsor is legally empowered to provide the type of planning assistance or perform the type of planning work proposed in the application.
"(3) That the sponsor is empowered to receive and expend Federal funds and to provide or obtain and expend other funds for the purposes stated in paragraph 204a(2).
"(4) That the sponsor is empowered to contract with the United States for the purpose of receiving and expending Federal funds."
Section 114.01, Stats., directs the Division of Aeronautics to cooperate with the Federal Government "in the preparation and annual revision of the national airport plan, . . . and to lay out a comprehensive state system of airports adequate to provide for the aeronautical needs of the people of all parts of the state." The section further provides that, "In selecting specific sites, due regard shall be given to general suitability for service and economy of development as evidenced by convenience of access, adequacy of available area, character of topography and soils, freedom from hazards and obstructions to flight and other pertinent consideration."
Section 114.32, Stats., reads, in part, as follows:
"Federal aid for airports. (1) SECRETARY MAY ACCEPT. The secretary of transportation may cooperate with *Page 70 
the government of the United States, and any agency or department thereof in the acquisition, construction, improvement, maintenance and operation of airports and other air navigation facilities in this state, and comply with the laws of the United States and any regulations made thereunder for the expenditure of federal moneys upon such airports and other air navigation facilities, and may enter into any contracts necessary to accomplish such purpose. He may accept, receive and receipt for federal moneys and other moneys, either public or private, for and in behalf of this state or any municipality thereof, for training and education programs, for the acquisition, construction, improvement, maintenance and operation of airports and other aeronautical facilities, whether such work is to be done by the state or by such municipalities, or jointly, aided by grants of aid from the United States, upon such terms and conditions as are or may be prescribed by laws of the United States and any rules or regulations made thereunder, . . . ."
Section 114.33, Stats., provides that any state agency may initiate and sponsor an airport project. Section 15.46, Stats., creates the Wisconsin Department of Transportation under the direction and supervision of the Secretary of Transportation. Pursuant to sec. 79.01, Stats., the Department of Transportation may direct and undertake all planning for all modes of transportation including aeronautics.
It is quite clear that the Wisconsin Department of Transportation satisfies the requirements set forth in (1), (2) and (4) above. The only question is whether the Department has the authority to receive and expend federal funds for planning purposes. Although see. 114.32, Stats., authorizes the Secretary to accept federal money for the acquisition, construction, improvement, maintenance and operation of airports, it is silent with respect to planning. Thus, the question arises whether the doctrine "expressio unius est exclusio alterius" is applicable under the circumstances. The Wisconsin Supreme Court considered the application of the doctrine in two recent cases. Columbia HospitalAsso. v. Milwaukee (1967), 35 Wis.2d 660, 252 N.W.2d 750; Hoeft *Page 71 v. Milwaukee Suburban Transport Corporation (1969), 42 Wis.2d 699,168 N.W.2d 134. In the latter case, the court, in applying the doctrine, made reference to other appropriate sections in the statutes in support of its determination. The court, at p. 669, of the Columbia case, stated:
". . . However, while the exemptions are extensive and grouped together and require the application of the pari materia rule, we think the ruleexpressio unius est exclusio alterius is not necessarily to be used in construing this statute. Although based upon logic and the working of the human mind, it is not a `Procrustean standard to which all statutory language must be made to conform.' State ex rel. West Allis v. MilwaukeeLight, Heat Tractor Co. (1917), 166 Wis. 178, 182, 164 N.W. 837, 839, quoting Black on the Interpretation of Laws (2d ed.), 219. Factually, there should be some evidence the legislature intended its application lest it prevail as a rule of construction despite the reason for and the spirit of the enactment. Section 70.11 (4m) was created in 1957 solely to apply to hospitals and its language is much broader than that used in the older exemption statutes applicable to charitable and benevolent institutions."
The doctrine "expressio unius est exclusio alterius" is resorted to for the purpose of arriving at the real intention of the lawmakers, where such intention is not manifest, and only for such purpose. It should not be used to defeat or override clear and contrary evidences of legislative intent, and must yield whenever a contrary intention on the part of the lawmaker is present. 50 Am. Jur., § 246, p. 241.
As previously stated, sec. 114.32 (1), Stats., authorizes the Secretary to accept and receive federal money for and in behalf of the state for the acquisition, construction, improvement maintenance and operation of airports. It is inconceivable that the legislature intended to exclude therefrom the authority to accept federal moneys for planning inherent and required by such activities. It is, therefore, my opinion that the doctrine does not apply and the Department of Transportation can enter into contracts with the Federal *Page 72 
Government for the receipt of federal aid to be used for airport system planning purposes.
RWW:GBS